Citation Nr: AXXXXXXXX
Decision Date: 07/14/21 Archive Date: 07/14/21

DOCKET NO. 200506-82519
DATE: July 14, 2021

REMANDED

Service connection for a right ankle condition (claimed as right ankle condition and severe sprain with residual weakness, popping, and sensitivity) is remanded.

REASONS FOR REMAND

The Veteran honorably served in the United States Air Force from September 1984 to March 1988. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal of rating decision (RD) issued by the Department of Veterans Affairs (VA) Regional Office (RO) with a notification letter date of March 2, 2020. 

The rating decision on appeal was issued after February 19, 2019 and constitutes an initial decision; therefore, the modernized review system, also known as the Appeals Modernization Act (AMA), applies. See 38 C.F.R. § 3.2400(a)(1). 

The Veteran filed a Notice of Disagreement (NOD) on a VA Form 10182 which was received by the Board on May 6, 2020. The Veteran selected the Direct Review docket, and therefore, the Board may only consider the evidence of record at the time of the RO decision on appeal. 38 C.F.R. § 20.301.

Upon reviewing the Veteran's claims file, the Board finds that there is evidence within the record to support that a remand is necessary. One of the effects of the AMA is to narrow the set of circumstances in which the Board must remand appeals to the RO for further development instead of immediately deciding them directly. Nevertheless, even under the AMA, the Board still has the duty to remand issues when necessary to correct a pre-decisional duty-to-assist error. See Pub L. No. 115-55 section (2)(d); 38 C.F.R. § 20.802(a). 

In January 2020, the Veteran filed a Notice of Disagreement, in response to a September 2019 rating decision, on the wrong VA Form. In January 2020, the Board issued a letter notifying the Veteran that he must submit his notice of disagreement on the appropriate form pursuant to the AMA. Then in February 2020, the Veteran submitted a statement in support of his claim along with an application for a supplemental claim. The Veteran claimed that his initial compensation and pension examination was inadequate because the examiner never asked the Veteran the history of his injury, did not take any images, and that the examiner spent less than 5 minutes evaluating him. The RO issued a Rating Decision in February 2020, indicating that the Veteran's claim was denied because the evidence submitted was not new and relevant. However, upon review of the claims file the Veteran's initial claim was not yet final, and therefore whether the Veteran submitted new and relevant evidence with his supplemental claim was not to be considered by the RO because the rating decision issued in September 2019 was not yet final. Therefore, the claim did not require new and relevant evidence to be adjudicated, rather the RO had an obligation to fully develop the Veteran's claim based on his allegations that the VA examination was inadequate. 

Additionally, recently, the Federal Circuit held that "pain in the absence of a presently-diagnosed condition can cause functional impairment," which may qualify as a "disability" for VA compensation purposes. Saunders v. Wilkie, 886 F.3d 1356, 1368 (Fed. Cir. 2018). The Federal Circuit in Saunders, however, cautioned against the notion that "a veteran could demonstrate service connection simply by asserting subjective pain" because, to establish that a disability is present, the veteran "will need to show that... pain reaches the level of a functional impairment of earning capacity." Id. at 1367-68. "Functional impairment," the Federal Circuit noted, is defined as the inability of the body or a constituent part of it "to function under the ordinary conditions of daily life including employment." Id. at 1363 (quoting 38 C.F.R. § 4.10 ). Pain was not adequately addressed in the Veteran's initial VA exam nor was it adequately addressed by the RO. Therefore, the Board finds that there is in fact a pre-decisional duty to assist error, and that remand is necessary to obtain a new VA examination. 

The matters are REMANDED for the following action:

1. Obtain a new VA examination and ensure that the Veteran's entire medical history, service treatment records, non-service treatment records are adequately reviewed by an appropriate medical professional. 

2. The medical professional is asked to obtain appropriate diagnostic testing to determine whether the Veteran has a current disability in his right ankle. 

(Continued on the next page)

 

3. If the Veteran does have a current diagnosis of a right ankle condition, the examiner is asked to opine as to whether it is at least as likely as not (a 50 percent probability or greater) that the condition is proximately due to or the result of the Veteran's active duty service. 

The examiner is also urged to consider that the Veteran's pain should be considered because pain in the absence of presently diagnosed condition can cause functional impairment, which may qualify as a disability for VA compensation purposes pursuant to Saunders v. Wilkie.

 

 

B. MULLINS

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board H. Hailu, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.